

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

July 28, 1949.

Hon. Roy L. Hill          Opinion No. V-866.
County Attorney
Runnels County           Re: Propriety of calling consolida-
Ballinger, Texas              tion election upon petition
                              filed under Art. 2806 by resi-
                              dents of a "dormant" district
                              as defined in Art. VIII, S. B.
Dear Sir:                     116, Acts 51st Legislature.

          We refer to your recent inquiry as to the au-
thority of a "dormant" school district (as defined in
Article VIII, S. B. 116, Acts of the 51st Legislature,
1949, and as construed in opinion V-856 a copy of which
is enclosed) to petition for consolidation with a con-
tiguous school district operating its schools and the
authority of a county judge to call such election under
Article 2806, V.C.S.

          The fourth paragraph of Article VIII, S.B. 116,
reads as follows:

          "The provisions herein for the consoli-
     dation of school districts by order of the
     County Board of Trustees shall be applicable
     only in the instances and circumstances here-
     in enumerated, and shall not be construed to
     repeal, supersede or limit any existing stat-
     ute providing other methods for school dis-
     trict consolidation and annexation." (Empha-
     sis added.)

          Article XII, the repealing clause of S.B. 116,
repeals only those laws which are in conflict with this
newly enacted statute. Thus, by virtue of the provi-
sions of Article VIII quoted and Article XII, Article
2806 and other applicable statutes on elections for con-
solidation and statutes on annexation have not been re-
pealed; they are in full force and effect unless Article
VIII of S.B. 116 conflicts therewith.

          We have already stated in our Opinion No. V-855
that we believe the primary purpose of Article VIII, when

considered along with all provisions of S.B. 116, is to provide a more expeditious method of abolishing "dormant" school districts (as therein defined) and to require their consolidation "with an adjoining district or districts." Further, it is to provide a better arrangement of applicable situations for the revenue purposes of S.B. 116 and to simplify the law governing the raising and disposition of school funds to finance this new Foundation School Program. That the Legislature has the power to so provide for the abolishing of dormant school districts in the manner set out in Article VIII is supported by the decisions in Brownfield v. Tongate, 109 S.W.2d 352 (Tex. Civ. App. 1937); Kermit I.S.D. No. 5 v. State, 208 S.W.2d 717 (Tex. Civ. App. 1948).

But we do not construe Article VIII as providing the exclusive manner by which dormant districts shall be consolidated with an adjoining district or districts. We have held that such "dormant" districts must be consolidated, for Article VIII expressly so "authorizes and requires." (Opinion V-855). However, the above quoted paragraph of Article VIII further expressly provides that the dormant district consolidation procedure therein prescribed "shall not be construed to . . . limit any existing statute providing other methods of school district consolidation."

Article 2806 is an existing statute providing one other method of school district consolidation. Should we advise herein that Article VIII provides the only and exclusive method whereby dormant school districts, as therein defined, may be consolidated, we would, in effect, hold that the authority granted to school districts and the county judge in Article 2806 is limited by and subject to the provisions of Article VIII insofar as such "dormant" school districts may be involved. Such a construction would do violence to the underscored provisions of Article VIII.

Of course, where a county school board consolidates a "dormant" district as provided in Article VIII, that is, passes its order to that effect, the "dormant" district has been abolished by such action. Kermit I.S. D. No. 5 v. State, supra, at page 722. Such a district so abolished by consolidation no longer exists to act under Article 2806.

But if, prior to passage of a county board consolidation order as provided in Article VIII, such a dormant district acting under Article 2806 files the required proper petition with the county judge, the rules applicable to co-ordinate jurisdiction attach, investing the county judge with exclusive jurisdiction and the ministerial duty to call the consolidation election required in Article 2806. State ex rel George et al v. Baker, 120 Tex. 307, 40 S.W.2d 41 (1931); Wichita Common Sch. Dist. No. 11 v. Dickens Ind. Sch. Dist., 206 S.W.2d 885 (Tex. Civ. App. 1947, error ref.); Garrett v. Unity Common School Dist., 211 S.W.2d 238 (Tex. Civ. App. 1948, error ref. n.r.e.); Lynn County School Board v. Garlynn Common County Line School Dist., 118 S.W.2d 1070 (Tex. Civ. App. 1938, error ref.); West End R.H.S. Dist. v. Columbus Consol. Ind. Sch. Dist. (Tex. Sup. Ct. May 18, 1949, not yet reported); London Ind. Sch. Dist. v. Thomerson (Tex. Civ. App. June 22, 1949, not yet reported). These cited cases support the proposition that from and during the time prior consolidation proceedings under Article 2806 are first initiated and pending, the County school board would have no jurisdiction to act on matters affecting the status of a school district so involved. However, should the election called pursuant to Article 2806 fail to carry, then the county board would be at liberty to consolidate said "dormant" district with an adjoining district or districts under Article VIII, S.B. 116.

## SUMMARY

A "dormant" school district as defined in Article VIII, S.B. 116, Acts 51st Legislature, may be consolidated with an adjoining district or districts by compliance with provisions of Article 2806, V.C.S. Such Article VIII does not prescribe the exclusive method for consolidation of a "dormant" school district.

Where consolidation proceedings are initiated by filing a proper petition with the county judge as required in Article 2806, prior to consolidation of the "dormant" district by the county school board under

Article VIII, S.B. 116, the county judge
must call the election for consolidation
required by Article 2806.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Chester E. Ollison*

Chester E. Ollison
Assistant

CEO:bh

APPROVED

*Joe R. Greenhill*

FIRST ASSISTANT
ATTORNEY GENERAL